[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
This is an appeal from the Miami County Court of Common Pleas.
Before considering the merits of this appeal, we must first consider if there is a final appealable order that gives us jurisdiction over this matter.
On April 8, 1998, appellant Edward Ouellette was served with notice of consideration of sexual predator status. On April 27, 1998, he filed a motion to dismiss on due process grounds and a motion to dismiss on retroactivity grounds. On May 6, 1998, he filed a motion to compel specific performance of his plea agreement. Each of these motions was overruled, and Ouellette filed a notice of appeal from the decision to deny these motions.
Appellee, State of Ohio, filed a motion to dismiss this appeal on the grounds that the denial of a motion to dismiss or a motion to compel is not a final appealable order and that this court does not have jurisdiction to hear Ouellette's appeal.
Section 3(B)(2), Article IV of the Ohio Constitution provides that,
 Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.
Only final orders may be reviewed on appeal. R.C. 2505.03(A).
R.C. 2505.02(B) defines a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, as follows:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial.
An order must determine, that is, must terminate a case in order to be final. The denial of appellant's motions to dismiss did not terminate his case, nor did the denial of his other motion. There was no final order from which to appeal so this court lacks jurisdiction to hear Ouellette's appeal.
WHEREFORE, upon due consideration of the foregoing, this appeal is DISMISSED.
 IT IS SO ORDERED. ________________________________ THOMAS J. GRADY, Presiding and Administrative Judge ________________________________ LAWRENCE GREY, Judge (Sitting by assignment) ________________________________ JOHN R. MILLIGAN, Judge (Sitting by assignment)
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Copies mailed to:
DAVID M. HENRY
EDWARD OUELLETTE
HON JEFFREY WELBAUM